**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD G. JACKMAN, JR., | ) | CASE NO.  4:09 CV 2950 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HON. MAURICE B. COHILL, JR., et al, | ) ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Donald G. Jackman, Jr. filed this diversity jurisdiction tort action against United States District Judge Maurice B. Cohill, Jr. John R. Hevey, III, Edward W. Jackman, Tim McCune, Carole A. McMillan, Dennis Rickard, Robert A. Sambroake, Jr., Bonnie M. Scheerbaum, Sueann Weidner, and John and Jane Does. In the complaint, plaintiff alleges personal property was taken from him.  He seeks $320,000.00.

### Background

Mr. Jackman is a federal prisoner currently incarcerated in the Elkton Federal Correctional Institution ("FCI-Elkton"), in Elkton, Ohio. He states that all of the defendants are citizens of Pennsylvania.

Mr. Jackman's complaint in this action is very brief. He states that "on or about March 14, 2000, and up to or thereafter March 13th, 2004 at 150 Caldwell Dr., 253 Rockdale Road, and unknown locations in and around Butler County Pennsylvania, the defendants converted to the defendants' own use property owned by the plaintiff." He lists 50 items he claims were taken. Included on this list are a 1968 Camaro, a 1963 Impala, a

1985 Honda ATV, a 7500 watt generator, a deep freezer, a garden tractor, various tools, a gun safe, gasoline, coats, sleeping bags, a camera, a chess set, electronic organizers, rolled coins, gold pieces, flashlights, 2 dogs, and food items. He asserts the defendants committed the tort of conversion. He seeks $320,000.00, which he claims is the value of the missing items.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Venue

Review of the complaint indicates the United States District Court for the Northern District of Ohio is not the proper venue for this action. A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all

---

[1]An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Mr. Jackman claims all of the defendants reside in Pennsylvania, and the specific events of which plaintiff complains all occurred in Pennsylvania. Furthermore, there is no indication in the complaint that this court would have personal jurisdiction over any of the defendants. The physical location of the plaintiff within the State of Ohio does not establish this Court as the proper venue for this action.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action is therefore dismissed. *See, e.g., Naartex Consulting Corp. v. Watt,* 722 F.2d 779, 791 (D.C. Cir. 1983) (despite improper venue, dismissal was proper because the amended complaint failed to state a cause of action for fraud).

<u>Res Judicata</u>

This is not Mr. Jackman's first attempt to obtain damages from these defendants for taking his property. In 2006, he filed an action in the United States District Court for the Western District of Pennsylvania against Ms. McMillan, Ms. Scheerbaum, Mr. Rickard, Mr. McCune, Mr. Hevey, Ms. Weidner, Mr. Jackman and Bill Birckbichler, who is not named in this action. That case, No. 1:06 CV 51 was assigned to United States District

Judge Maurice B. Cohill, Jr. In that complaint, Mr. Jackman claimed that "on or about March 14, 2000 an ongoing string of events began pertaining to the unauthorized dispersal and or removal of personal property owned by Mr. Jackman from the residence shared by Ms. McMillan and Mr. Jackman." *Jackman v. McMillan*, No. 1:06 CV 51 (WD Pa. filed Feb. 23, 2006)(Compl. at 3.) He lists various items taken by the defendants including a 1963 Impala, a 1985 Honda ATV, a 7500 watt generator, various tools, gold pieces, rolled coins, coats, clothing, cameras, flashlights, a deep freezer, a garden tractor, other items of personal property. On April 12, 2006, Judge Cohill adopted the Report and Recommendation of Magistrate Judge Robert C. Mitchell and dismissed the action. Mr. Jackman appealed that dismissal to the Third Circuit Court of Appeals on April 26, 2006. The Judgment of the District Court was affirmed on April 17, 2007.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Mr. Jackman is therefore precluded from litigating this

matter for a second time in another jurisdiction.

## Statute of Limitations

As another matter, even if plaintiff's case were not barred by the doctrine of *res judicata*, it is apparent on the face of the Complaint that the statute of limitations for the tort of conversion expired. The statute of limitations for an action in conversion is two years. 42 Pa.C.S. §5524(3). The actions alleged in the complaint took place between March 14, 2000 and March 13, 2004. This action was filed on December 21, 2009, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

## Failure to State a Claim

Finally, Mr. Jackman provides very few factual allegations to support the legal assertions he makes in his complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard of Rule 8 does not require detailed factual allegations, but it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Similarly, a complaint will not meet the pleading standard if it tenders only legal assertions devoid of further factual enhancement. *Id.*

5

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a specific defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant may have acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

In this case, Mr. Jackman provides no facts that connect any specific defendant to claim of conversion of personal property. He merely states that property was taken. He does not identify how these particular defendants participated in these activities, or under what circumstances the property was taken. His legal assertion alone is insufficient to meet the basic pleading standard of Rule 8.

**Conclusion**

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal

from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.


Dated: March 31, 2010

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.