UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD G. JACKMAN, JR. | ) | CASE NO. 4:09 CV 2950 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| HON. MAURICE B. COHILL, JR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed an "Objection to the Judgment Entry" (Doc. No. 28) and a "Motion to Alter or Amend Judgment" (Doc. No. 29) on April 16, 2010. For the following reasons, both motions are **DENIED**.

Plaintiff filed this diversity jurisdiction tort action against United States District Judge Maurice B. Cohill, Jr., John R. Hevey, III, Edward W. Jackman, Tim McCune, Carole A. McMillan, Dennis Rickard, Robert A. Sambroake, Jr., Bonnie M. Scheerbaum, Sueann Weidner, and John and Jane Does. He alleged in his very brief pleading that personal property was taken from him at two locations in Butler County, Pennsylvania by the defendants, who he described as residents of Pennsylvania.

This Court dismissed the action pursuant to 28 U.S.C. § 1915(e) on March 31, 2010. The Court first determined that the Northern District of Ohio was not the proper venue for the action. The Court concluded, however, that transfer of the case to the Western District of Pennsylvania would not have been in the interest of justice because the action was barred

by the doctrine of *res judicata* and the claims had been filed after the statute of limitations expired. Mr. Jackman also failed to allege facts to reasonably suggest any of the defendants could be held personally liable.

Mr. Jackman now has filed an "Objection" to the Court's judgment and a Motion to Alter or Amend Judgment, pursuant to Federal Rule of Civil Procedure 59(e), seeking relief from the Court's decision to deny the petition. Specifically, Mr. Jackman contends his case has merit. He claims the Northern District of Ohio is the proper venue because "[w]ith Defendant's [sic] not answering claim [sic], it cannot fully be established where all live which service would have resolved." (Mot. at 3.) He also asserts that because Judge Cohill is a Federal Judge, jurisdiction and venue exist under 28 U.S.C. §1343(a). In addition, Mr. Jackman contends the doctrine of *res judicata* does not apply because the "judgment issued by the District Court for the Western District of Pennsylvania and affirmed by the 3rd Circuit is 'void.'" (Mot. at 5.) He claims it was dismissed *sua sponte* and cannot be counted as a dismissal on the merits because it was not litigated. Furthermore, Mr. Jackman admits that "under normal/regular circumstances [. . .] the statute of limitations would have expired on the action at bar." (Mot. at 7.) He claims, however, that the United States Marshal in the Western District of Pennsylvania had a duty to serve his pleading, and when service was not effected due to the court's dismissal, it left his claims "in an inchoate state." (Mot. at 7.) Finally, he disputes that he failed to state a claim. He alleges additional facts, and contends conversion and theft are viable causes of action.

I. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter

or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered, *Keeweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996), or "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## II.  ANALYSIS

Although it appears Mr. Jackman is attempting to assert a clear error of law, he has failed to do so. He first contends that, contrary to this Court's decision, venue is proper in the Northern District of Ohio because the citizenship of the defendants cannot be known until service is perfected. Mr. Jackman, however, asserted in his Complaint, "Plaintiff is a citizen of Ohio […]. The Defendants are citizens of Pennsylvania […]." (Compl. at 2.) He made this allegation in order to establish diversity of citizenship to bring his state law tort claim in Federal Court. A party seeking to bring a case into Federal Court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 1498, at *2 (6th Cir. Jan. 3, 2005). If the defendants are all citizens of Pennsylvania, as Mr. Jackman asserts in his Complaint, venue is improper in the Northern District of Ohio. If one of the defendants is a citizen of Ohio to establish venue, diversity of citizenship will not be complete and he would not be able to bring his state tort law claim in Federal Court. Either

way, the case could not proceed in the Northern District of Ohio.

Mr. Jackman's citation to 28 U.S.C. §1343(a) to support venue in the Northern District of Ohio is misplaced. That statute provides federal courts with jurisdiction to hear civil rights cases filed under 42 U.S.C. § 1985. The statute does not address venue and Mr. Jackman did not assert claims under § 1985 in his Complaint. A Motion to Alter or Amend cannot be used to raise new claims.

This Court's dismissal of the action based on the doctrine of *res judicata* was also not an error of law. His action filed in 2006, dismissed for failure to state a claim under 28 U.S.C. §1915(e), constitutes an adjudication on the merits for purposes of res judicata. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Burton v. Cleveland Ohio Empowerment Zone*, No. 03-4168, 2004 WL 1367275, at *2 (6th Cir. June 15, 2004).

Mr. Jackman admits his claims were filed beyond the expiration of the applicable statute of limitations period, but contends the statute was somehow tolled when the Marshals did not serve his first case. His case was not served because it was dismissed. Mr. Jackman does not provide any legal authority for the proposition that a § 1915(e) dismissal tolls the statute of limitations period indefinitely.

Finally, Mr. Jackman argues that his case has merit. He alleges new facts and reasserts his claims. A Rule 59(e) motion cannot be used to re-litigate issues the Court previously considered. *Keeweenaw Bay Indian Cmty.*, 940 F. Supp. at 1141. There is nothing in the Motion which demonstrates Mr. Jackman is entitled to relief from judgment.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff's "Objection to the Judgment Entry"

(Doc. No. 28) and "Motion to Alter or Amend Judgment" (Doc. No. 29) are **DENIED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

       **IT IS SO ORDERED**.

Dated: May 7, 2010

                                         **HONORABLE SARA LIOI**
                                         **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.